# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ANTHONY GASPARAC,

                               Plaintiff,

v.

MILWAUKEE COUNTY JAIL,

                               Defendant.

Case No. 16-CV-1328-JPS

**ORDER**

        Plaintiff, who is incarcerated at Prairie Du Chien Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $7.00. 28 U.S.C. § 1915(b)(4).

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that,

Page 2 of 8

Case 2:16-cv-01328-JPS    Filed 12/19/16    Page 2 of 8    Document 8

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff complains that he was arrested (for reasons not stated in the complaint) on March 28, 2016. (Docket #1 at 2). He was admitted to the West Allis Memorial Hospital that same day. *Id.* While there, he was diagnosed with a meningioma, which is a tumor formed in the meninges. *Id.* He was released into the Milwaukee County Jail (the "Jail") on March 30, 2016. *Id.* He was then sent to the Milwaukee County House of Corrections (the "House of Corrections") sometime later. *Id.* He alleges that officials at the House of Corrections failed to take him to follow-up medical appointments, apparently related to his meningioma, which were scheduled for April 20, 2016 and June 2, 2016. *Id.* at 2–3. After this occurred, Plaintiff alleges, a judge ordered the Jail and the House of Corrections to reschedule those

appointments and then ensure Plaintiff attended them. *Id.* at 3. He was then taken from the House of Corrections back to the Jail. *Id.* The Jail never complied with the judge's order "because of negligence." *Id.* Plaintiff "seeks damages for violating his rights and refusing him medical treatment." *Id.*

Plaintiff's complaint fails to state a claim upon which relief may be granted for a number of reasons. First, while he claims that his "rights" were violated, he does not state with specificity which rights he believes were violated. In particular, if Plaintiff is seeking to recover under 42 U.S.C. § 1983 for Defendant's inadequate medical care, in violation of his rights under the Eighth Amendment, he should so state. If he has some other theory for recovery, he should make that clear. Without tying his case to a particular cause of action, the Court has no way to analyze Plaintiff's claims.

Second, assuming Plaintiff is in fact seeking to hold Defendant liable under Section 1983 for constitutionally inadequate medical care, he fails to allege facts sufficient to state such a claim. To state a claim of deliberate indifference to serious medical need, in violation of the Eighth Amendment, Plaintiff must allege: (1) an objectively serious medical condition; (2) that Defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused Plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "With regard to the deliberate indifference prong," the *Gayton* court instructs that:

> the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference"

> is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred.

*Id.* Plaintiff fails to allege what injury he suffered as a result of Defendant's failure to reschedule his follow-up medical appointments. Further, although Plaintiff alleges that Defendant failed to comply with a court order to reschedule his follow-up medical appointments, he claims that this occurred "because of negligence." Mere negligence cannot support a claim of deliberate indifference. *Estelle*, 429 U.S. at 105–06; *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

Third, even if Plaintiff had stated a claim for deliberate indifference to his medical needs, he has sued the wrong entity. The Milwaukee County Jail is not itself a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007). He must name a proper defendant, such as the individual Jail officials who deprived him of his constitutional rights.

Despite these deficiencies, the Court will permit Plaintiff to amend his complaint. If he wants to proceed, Plaintiff must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **January 9, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **January 9, 2017**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Plaintiff's prisoner trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Page 7 of 8

Case 2:16-cv-01328-JPS   Filed 12/19/16   Page 7 of 8   Document 8

Dated at Milwaukee, Wisconsin, this 19th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge